IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JOSEPH A. BRIDGES,<br><br>  Plaintiff,<br><br> v.<br><br>TIMOTHY C. WARD, et al.,<br><br>  Defendants. | CIVIL ACTION NO.: 5:24-cv-27 |

**O R D E R**

I ordered Plaintiff to show cause why his Complaint should not be dismissed for failure to serve Defendants. Doc. 23. As described below in further detail, I **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for his failure to effectuate proper service, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

**BACKGROUND**

On April 29, 2024, Plaintiff, proceeding pro se, filed a Complaint against Defendants, alleging they violated his constitutional rights. Doc. 1.[2] Plaintiff filed two motions requesting

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). The Court forewarned Plaintiff his failure to prove service would result in dismissal of his case. Doc. 23. In addition, Plaintiff has the opportunity to respond to this Order.

[2] The Clerk of Court sent Plaintiff a notice informing him of the availability of a Magistrate Judge to preside over his cause of action, and Plaintiff consented to my plenary review. Docs. 3, 5.

the Court's assistance in serving Defendants. Docs. 6, 9. The Court denied the motions as premature because frivolity review had not occurred. Doc. 10.

The Court then conducted frivolity review and ordered Plaintiff to serve Defendants. Doc. 11. In the Order, I explained that, as Plaintiff is not proceeding *in forma pauperis*, it is his responsibility to ensure service on all Defendants. I also directed the Clerk of Court to provide Plaintiff with a copy of Federal Rule of Civil Procedure 4 to assist him in perfecting service. Id. at 1.

Plaintiff again requested the Court's assistance in serving Defendants. Doc. 12. The Court denied the motion, reminding Plaintiff that he is responsible for service of his Complaint. Doc. 13. I noted that the Clerk previously sent summonses to Defendants to assist Plaintiff in perfecting service. Id.

Plaintiff requested an extension of time to serve Defendants. Doc. 14. I granted the motion and allowed Plaintiff until April 14, 2025, to provide proof of service. Doc. 15.

Plaintiff requested that the Court order the Georgia Department of Corrections to provide information about certain Defendants. Doc. 17. The Court denied the motion because the Commissioner of the Georgia Department of Corrections is not a party to this case and the Court has no authority to order his compliance with its Orders. Doc. 18.

Plaintiff filed another motion for extension of time. Doc. 19. The Court granted the motion, giving Plaintiff until June 13, 2025, to provide proof of service on Defendants. Doc. 21.

Plaintiff filed a motion to order the Commissioner of the Department of Corrections to provide address information for Defendants. Doc. 20. I denied the motion for the same reason I denied his earlier motion: the Court has no authority to compel performance of a non-party under these circumstances. Doc. 21.

On August 7, 2025, Plaintiff filed a motion to order Defendants to respond to his Complaint. Doc. 22. I denied Plaintiff's motion, explaining that he still had not provided proof of service on any Defendant. I also ordered Plaintiff to show cause within 14 days of the Order why his case should not be dismissed for failure to provide proof of service on Defendants by June 13, 2025. Doc. 23. Plaintiff filed a Response, explaining that he has attempted to serve some Defendants. Doc. 24. As proof of service, Plaintiff provided certified mail receipts for Defendants Ward, Odum, and Easley. Id. at 3–8. Plaintiff did not provide any proof of service for Defendants Berry, Martin, and Smokes. Id. at 2.

## DISCUSSION

A plaintiff is solely responsible for serving the Complaint within 90 days of filing it. Fed. R. Civ. P. 4(m). If the plaintiff fails to properly serve the Complaint within that timeframe, "the court—on motion or on its own initiative after notice to the plaintiff—must dismiss the action without prejudice . . . or direct that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Good cause exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991)). Even absent a showing of good cause, however, courts still consider whether the circumstances warrant an extension of time rather than dismissal. Reis v. Comm'r of Soc. Sec., 710 F. App'x 828, 829 (11th Cir. 2017) (quoting Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007)).

Here, Plaintiff attempted to prove service of process on three Defendants via certified mail. However, Federal Rule of Civil Procedure 4 provides an exhaustive list of methods to

3

serve process in federal court.  These include: delivering a copy of the Complaint to the individual personally; leaving a copy of the Complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of the Complaint to the individual's authorized agent.  Fed. R. Civ. P. 4(e)(2).  A plaintiff can also effectuate service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

Rule 4 does not allow service of summons through certified mail.  See Thorpe v. Dumas, 788 F. App'x 644, 648 (11th Cir. 2019) (surveying other Circuits that have addressed the issue and concluding that Rule 4 does not allow service by certified mail).  Georgia law similarly does not allow service by certified mail.  Cooley v. Ocwen Loan Servicing, LLC, 729 F. App'x 677, 782 (11th Cir. 2018) ("Georgia law, like the federal rules, requires in-person service and makes no provision for service by mail.") (citing O.C.G.A. § 9-11-4(e)(7)).  Certified mail, therefore, does not provide Plaintiff a mechanism to serve Defendants.  Plaintiff's proof of service by certified mail does not show that he has properly served any Defendant with process.

As for the other Defendants (Berry, Martin, and Smokes), Plaintiff did not provide any proof of service.  Plaintiff stated he previously filed a motion asking the Court to order the Commissioner of the Georgia Department of Corrections to provide address information for these Defendants.  Doc. 24 at 2.  However, the Court denied those motions, as explained above, and Plaintiff's previous motions practice does not excuse his failure to perfect service on Defendants.

In addition, Plaintiff has not demonstrated good cause for his failure.  Plaintiff filed the Complaint in April 2024.  He has since requested multiple extensions of time to serve

Defendants, and the Court granted those extensions. Further, the Court previously provided Plaintiff with a courtesy copy of Rule 4 to aid in service, and the Clerk of Court has delivered summonses to all Defendants to further aid in service. I explained to Plaintiff that, as he is proceeding pro se but not *in forma pauperis*, effectuating service of process is his sole responsibility. This case is now over 18 months old and still Plaintiff has not served any Defendant. Plaintiff has not alleged that any outside factor prevented service. In addition, an extension of time does not appear likely to rectify the issue, given the multiple extensions already granted. Therefore, dismissal of Plaintiff's claims without prejudice is warranted.

Thus, the Court **DISMISSES without prejudice** Plaintiff's Complaint for failure to effectuate service and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## CONCLUSION

For the above-stated reasons, I **DISMISS without prejudice** Plaintiff's Complaint for failure to effectuate service, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**SO ORDERED**, this 17th day of November, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA